## IN THE DISTRICT COURT OF CARTER COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| BRENT PERKINS and DARLA PERKINS husband and wife, and BRENT PERKINS and DARLA PERKINS as Trustees of the BRENT W. & DARLA A. PERKINS LIVING TRUST, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITATION OIL & GAS CORP., a Delaware corporation, | ) ) ) |
| Defendant. | ) |

**FILED**
IN DISTRICT COURT

**APR 1 8 2016**

AT_____o'clock_____M.
KAREN DUNN, Court Clerk
Carter County, Oklahoma

Case No. CJ-2016- *162*

### PETITION

The Plaintiffs, Brent Perkins and Darla Perkins, husband and wife, and Brent Perkins and Darla Perkins as Trustees of the Brent W. & Darla A. Perkins Living Trust, for their cause of action against the Defendant, Citation Oil & Gas Corp., state and allege as follows:

### BACKGROUND

1.    Plaintiffs, Brent Perkins and Darla Perkins, husband and wife, and Brent Perkins and Darla Perkins as Trustees of the Brent W. & Darla A. Perkins Living Trust, are residents of Carter County, Oklahoma.

2.    Defendant, Citation Oil & Gas Corp., is a foreign corporation, organized and existing under the laws of the State of Delaware.

EXHIBIT
1

3.     Plaintiffs own certain land located near Ratliff City, Oklahoma. The land is located in Sections 15 and 11, Township 1 South, Range 3 West, Carter County, Oklahoma (the "Property").

4.     Plaintiffs reside on the Property and use the Property for their cattle operations, including for pasture and grazing, and for other personal, domestic, agricultural and recreational uses.

5.     The Defendant is engaged in the business of oil and gas production in Carter County, Oklahoma. In particular, the Defendant operates the Tatums Field Unit.

6.     As such, the Defendant owns and/or operates certain wells, pipelines and other oilfield equipment located on the Property.

7.     During the course of its oil and gas operations, the Defendant on several occasions discharged and released oil, gas, saltwater and/or other deleterious substances from its wells, tank batteries and/or other oilfield equipment to the Property.  These discharges and releases polluted the vegetation, soils, surface, subsurface, and surface water of Plaintiffs' Property.

8.     The Defendant has failed to properly and adequately remediate the pollution resulting from the discharges and releases from its oil and gas operations to the Plaintiffs' Property.

## PRIVATE AND PUBLIC NUISANCE

9.     The Defendant has created and/or maintained a private nuisance in the following particulars:

a.     In failing to properly maintain its wells, pipelines and other oilfield

- 2 -

equipment in such a manner as to prevent the contamination and pollution of the Plaintiffs' Property;

b. In permitting its wells, pipelines and other oilfield equipment to deteriorate to such an extent that numerous leaks and discharges occurred;

c. In allowing oil, gas, saltwater and/or other deleterious substances from its operations to contaminate and pollute the vegetation, soils, surface, subsurface, and surface water of the Plaintiffs' Property;

d. In allowing contamination and pollution of the Plaintiffs' Property, including the vegetation, soils, surface, subsurface, and surface water thereof, to continue unabated on the Plaintiffs' Property and the failure of the Defendant to adequately remedy the situation;

e. In disturbing the surface and vegetation in such a manner as to cause erosion and siltation to the surface and waterways of the Property;

f. By failing to provide timely and adequate notification to the proper regulatory agencies;

g. Other acts or omissions of Defendant as may be established by evidence presented at trial.

10.    The nuisance created and maintained by the Defendant on Plaintiffs' Property has unreasonably interfered with, and continues to unreasonably interfere with the Plaintiffs' use and enjoyment of the Property for personal, domestic, agricultural, farming and ranching purposes in the following particulars:

a. The Plaintiffs have been deprived of the use and enjoyment of portions of the surface of the Property for personal, domestic, agricultural, or recreational purposes;

b. As a result of Defendant's contamination and pollution of Plaintiffs' Property, the Plaintiffs' ability to safely use the Property, including the surface water on the Property, for personal, domestic, agricultural and other beneficial purposes has been impaired;

c. The value of Plaintiffs' Property has been diminished;

- 3 -

    d.     The Plaintiffs' Property has sustained temporary and permanent injuries;

    e.     The Plaintiffs have sustained losses in their agricultural operations;

    f.     As a result of the Defendant's acts and omissions, Plaintiffs have suffered personal annoyance, inconvenience and discomfort; and

    g.     Other injuries as may be established by evidence presented at trial.

11.    Because of Defendant's acts and omission resulted in the pollution of the soils and waters of the State of Oklahoma, such acts also constitute a public nuisance.

12.    The acts and omissions of the Defendant were committed in violation of applicable laws, statutes and regulations.

13.    As a result of Defendant's creation and maintenance of a private and public nuisance, Plaintiffs have sustained damages in a sum in excess of $75,000.00.

14.    The Plaintiffs are entitled to abatement of the private and public nuisance, set forth above, and are entitled to damages for the reasonable cost of repairing and abating the injuries to the vegetation, soils, surface, subsurface and surface water of the Property, which costs the Plaintiffs allege to be in a sum in excess of $75,000.00.

TRESPASS

15.    As alleged above, Defendant discharged and released oil, gas, saltwater and/or other deleterious substances from its oil and gas operations to Plaintiffs' Property, and contaminated and polluted the vegetation, soils, surface, subsurface, and surface water of the Plaintiffs' Property.

16.    Defendant had no permission, right or license to discharge and release oil, gas, saltwater or other deleterious substances to the Plaintiffs' Property, and the

discharges and releases of such pollutants constituted a trespass upon the Property.

17.    The Defendant's failure to adequately remove the deleterious substances discharged from its oil and gas operations, despite Defendant's duty to do so, constitutes a continuing trespass on the Plaintiffs' Property and these substances continue to pollute and contaminate the vegetation, soils, surface, subsurface, and groundwater of the Property.

18.    The Defendant further disturbed the surface and vegetation in such a manner as to cause erosion and siltation to the surface and waterways of the Property.

19.    As a result of Defendant's trespass, the Plaintiffs have been harmed in the following particulars:

      a.    The Plaintiffs have been deprived of the use and enjoyment of portions of the surface of the Property for personal, domestic, agricultural, or recreational purposes;

      b.    As a result of Defendant's contamination and pollution of Plaintiffs' Property, the Plaintiffs' ability to safely use the Property, including the surface water on the Property, for personal, domestic, agricultural and other beneficial purposes has been impaired;

      c.    The value of Plaintiffs' Property has been diminished;

      d.    The Plaintiffs' Property has sustained temporary and permanent injuries;

      e.    The Plaintiffs have sustained losses in their agricultural operations;

      f.    As a result of Defendant's wrongful acts and omissions, Plaintiffs have suffered personal annoyance, inconvenience, aggravation and distress; and

      g.    Other injuries as may be established by evidence presented at trial.

20.    As a result of the Defendant's trespass, Plaintiffs have sustained damages in

a sum in excess of $75,000.

## NEGLIGENCE

21.    As alleged above, the Defendant discharged and released oil, gas, saltwater and/or other deleterious substances from its oil and gas operations to Plaintiffs' Property, and contaminated and polluted the vegetation, soils, surface, subsurface, and surface water of the Plaintiffs' Property.

22.    In addition, the Defendant disturbed the surface and vegetation in such a manner as to cause erosion and siltation to the surface and waterways of the Property.

23.    At all times, the Defendant had a duty to conduct its operations in a reasonably prudent and lawful manner, and to refrain from causing injury to the Plaintiffs and their Property.

24.    The Defendant breached its duty by carelessly committing negligent acts and/or omissions and by conducting its operations in an unreasonable manner creating an unreasonable risk of injury to others.

25.    The negligent acts and omissions of the Defendant were committed in violation of applicable laws, statutes and regulations, and constitute negligence *per se*.

26.    As a proximate result of the Defendant's negligent acts and omissions, the Plaintiffs have been harmed in the following particulars:

      a.    The Plaintiffs have been deprived of the use and enjoyment of portions of the surface of the Property for personal, domestic, agricultural, or recreational purposes;

      b.    As a result of Defendant's contamination and pollution of Plaintiffs' Property, the Plaintiffs' ability to safely use the Property, including the surface water on the Property, for domestic, personal,

- 6 -

agricultural and other beneficial purposes has been impaired;

c.     The value of Plaintiffs' Property has been diminished;

d.     The Plaintiffs' Property has sustained temporary and permanent injuries;

e.     The Plaintiffs have sustained losses in their agricultural operations;

f.     As a result of Defendant's wrongful acts and omissions, Plaintiffs have suffered personal distress; and

g.     Other injuries as may be established by evidence presented at trial.

27.     As a result of the Defendant's negligent acts and omissions, Plaintiffs have sustained damages in a sum in excess of $75,000.

## UNJUST ENRICHMENT

28.     Defendant is under an obligation to follow rules and laws concerning its oil and gas operations, including the prevention of pollution, the proper use of the surface, and refraining from harming the surface of the Property. Based on information and belief, the Plaintiffs allege that the Defendant refused and failed to spend the money necessary to fulfill its lawful obligations to prevent pollution and with respect to the use of the surface of the property.

29.     To the extent that Defendant saved money by failing to fulfill its obligations with respect to the use of the surface of the property and by failing to meet its lawful obligations to prevent pollution to the detriment of the Plaintiffs, the Defendant has been unjustly enriched. The Plaintiffs seek recovery for the amount by which Defendant has been unjustly enriched, in an amount to be determined at trial.

## PUNITIVE DAMAGES

- 7 -

30.    The wrongful and unlawful acts of the Defendant, as alleged, were intentional and malicious, or were in reckless disregard of the rights of the Plaintiffs. The Plaintiffs are, therefore, entitled to recover exemplary damages in an amount sufficient to punish and deter such conduct.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiffs, Brent Perkins and Darla Perkins, husband and wife, and Brent Perkins and Darla Perkins as Trustees of the Brent W. & Darla A. Perkins Living Trust, pray for judgment against the Defendant, Citation Oil & Gas Corp., for public and private nuisance, for trespass, for negligence, for loss of use and possession of the Plaintiffs' Property; for diminution in value of the Plaintiffs' Property; for annoyance, inconvenience, discomfort, aggravation an distress, for the cost of the abatement, for permanent and/or temporary damages to Plaintiffs' Property, for unjust enrichment, and for punitive damages, all in an amount in excess of $75,000; for attorney fees and costs; and for any other relief, legal or equitable, to which the Plaintiffs may be entitled.

Respectfully submitted,

Kenneth R. Johnston, OBA #4737
Wes Johnston, OBA #13704
JOHNSTON & ASSOCIATES
118 North Fourth St., P.O. Box "F"
Chickasha, Oklahoma 73023
(405) 224-4000 Telephone
(405) 224-0003 Fax
**Attorneys for Plaintiffs**

ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED